IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRUCE ABAIR, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v. ) | |
| ) | |
| SECURITAS SECURITY ) | |
| SERVICES USA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

COMES NOW Bruce Abair (hereinafter "Mr. Abair"), Plaintiff in the above-styled matter, by and through his undersigned counsel of record, and hereby files his Complaint in this action against Securitas Security Services USA, Inc. (hereinafter "Securitas"), and shows this Honorable Court as follows:

### Jurisdiction and Venue

1.

In this action, Mr. Abair is suing Securitas for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216 ("FLSA"), which authorizes employees to institute civil actions in Court to recover damages for an employer's failure to pay overtime wages as required by the FLSA.

2.

This Court has jurisdiction over Mr. Abair's claims pursuant to 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) and (c), in that Securitas resides within the Northern District of Georgia, Atlanta Division and a substantial part of the events giving rise to this cause of action occurred within the Northern District of Georgia, Atlanta Division.

**The Parties**

4.

Mr. Abair resides at 1860 Neely Avenue, East Point, Georgia 30344 and, for the purposes of the instant action, submits to the jurisdiction and venue of this Court.

5.

Securitas is a New Jersey Corporation with its principal office located at 2 Campus Drive, Parsippany, New Jersey 07054. Securitas regularly does business in the State of Georgia and has a Registered Agent located within Gwinnett County, Georgia. Securitas may be served through its Registered Agent, National Registered Agents, Inc., at 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

**Statement of Facts**

6.

Securitas, a provider of security services, including guarding services, patrols, inspections and access control, is a corporate entity engaged in an industry affecting interstate commerce.

7.

Securitas is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

8.

Mr. Abair was an employed by Securitas as a Security Officer for a period of approximately one and a half years, ending in December of 2011 and, thus, is a former "employee" within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

9.

While working with Securitas, Mr. Abair was, at all times, a non-exempt employee entitled to overtime compensation within the meaning of FLSA, 29 U.S.C. § 216(b) as he did not supervise two (2) or more individuals, did not have the authority to hire and/or fire other employees and did not manage other employees as a regular function of his job.

10.

As a Security Officer with Securitas, Mr. Abair was paid on an hourly basis in

the amount of $10.50 per hour and was entitled to overtime for all hours worked in excess of forty (40) hours per week in the amount of $15.75 per hour.

11.

During his employment with Securitas, Mr. Abair frequently worked in excess of forty (40) hours per week.

12.

Securitas failed to properly compensate Mr. Abair at the rate of $15.75 per hour for hours worked in excess of forty (40) per week.

13.

Upon discovering that he was not being paid for the overtime hours he worked, Mr. Abair complained..

14.

Securitas terminated Mr. Abair for complaining.

15.

Before filing this Suit, Mr. Abair tried to resolve this claim with Securitas. Mr. Abair, through counsel, sent a letter seeking to resolve the matter without litigation. Securitas acknowledged receipt of the letter, but made no offer to pay Mr. Abair. As a result of the foregoing, Mr. Abair files this suit, seeking the wages he earned, liquidated damages, attorneys' fees and costs.

## Count I: Violations of the Fair Labor Standards Act

16.

Mr. Abair incorporates Paragraphs 1 through 23 of this Complaint, as if same were set forth fully herein.

17.

As set forth above, Securitas has violated the FLSA, 29 U.S.C. § 207.

18.

Securitas' actions were willful, in bad faith and entitle Mr. Abair to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216.

19.

As a result of Securitas' violations of the FLSA, Mr. Abair is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages attorneys fee's and costs pursuant to the FLSA, 29 U.S.C. § 216.

## Count II: Retaliation

20.

Mr. Abair incorporates Paragraphs 1 through 27 of this Complaint, as if same were set forth fully herein.

21.

In lodging a complaint with Securitas regarding its failure to provide compensation for overtime pay, Mr. Abair engaged in protected activity under the FLSA.

22.

A causal connection exists between the protected conduct engaged in by Mr. Abair and Securitas' decision to terminate him Mr. Abair in retaliation for this complaint in violation of 29 U.S.C. § 215(a)(3).

23.

As a result of Securtias' violation of the anti-retaliation provisions of the FLSA, Mr. Abair is entitled to damages in an amount to be determined by the trier of fact.

## Jury Demand

24.

Mr. Abair requests a trial by jury on all counts of his Complaint.

## Prayer

WHEREFORE, Mr. Abair prays for the following relief:

(a)   That Securitas be served with process and be required to answer this lawsuit;

(b) For a trial by a jury;

(c) For a Judgment in favor of Mr. Abair and against Securitas for unpaid overtime wages and liquidated damages pursuant to the FLSA;

(d) For Judgment in favor of Mr. Abair and against Securitas for damages as a result of Securtias' retaliation against Mr. Abair for engaging in protected activity under the FLSA in violation of 29 U.S.C. § 215(a)(3);

(e) For an award of litigation expenses and costs, including attorneys' fees pursuant to the FLSA; and

(f) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 27th day of February, 2012.

                        **COHAN LAW GROUP, LLC**

                        /s/ Louis R. Cohan
                        LOUIS R. COHAN
                        Georgia Bar No.: 173357
                        RYAN L. RAY
                        Georgia Bar No.: 561765

3340 Peachtree Rd.           *Counsel for Plaintiff*
Suite 580
Atlanta, GA 30326
404.891.1770 – Telephone
404.891.5094 – Facsimile
lcohan@cohanlawgroup.com
rray@cohanlawgroup.com