# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement And General Release ("Agreement") is entered into between Abair, Bruce Abair ("Abair"), and Securitas, Securitas Security Services USA, Inc. ("Securitas"). Abair and Securitas are sometimes collectively referred to herein as "the Parties."

## Recitals

A.  Abair filed a lawsuit against Securitas in the U.S. District Court for the Northern District of Georgia, Atlanta Division, identified as Bruce Abair v. Securitas Security Services USA, Inc., case number 1:12-cv-00604-JOF (the "Lawsuit"). The Lawsuit alleges violations of the FLSA including overtime and retaliation.

B.  Securitas has denied and continues to deny liability to Abair for the matters alleged or which could have been alleged in the Lawsuit.

C.  The Parties desire to settle this lawsuit and any other claims Abair may have against Securitas upon the terms and in the manner herein provided to avoid the uncertainty, expense and burden of this litigation and any and all other actions and proceedings that might arise out of the same or related matters based on any act which has occurred at any time up to and including the date of the execution of this Agreement.

D.  Securitas is willing to provide Abair with certain consideration described below, which it is not ordinarily required to, provided Abair dismisses his Lawsuit with prejudice, releases Securitas from any claims Abair has made or might make arising out of his employment with Securitas, and agrees to comply with the other promises and conditions set forth in this Agreement.

## Agreement

1.  **"Securitas" Defined.** Throughout this Agreement, the term "Securitas" shall encompass the following: Securitas Security Services USA, Inc. and any subsidiaries, parent companies, predecessors, affiliated entities, related entities, or divisions thereof; and (b) any current or former partner, officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including the administrators, trustees, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by this definition.

2.  **Dismissal of the Lawsuit with Prejudice.** Upon execution of this Agreement, Abair's counsel will execute and provide to Securitas' counsel a stipulation dismissing all of the claims in the case with prejudice. Securitas' counsel shall cause to be filed a joint stipulation of dismissal of the Lawsuit *with prejudice*, with each side to bear its own costs, expenses, and attorney's fees. Securitas' counsel shall also cause to be filed a joint motion for approval of settlement and draft order regarding the same. The Parties further agree that they and their counsel will mutually make every reasonable effort to ensure that the Court approves the Parties' settlement agreement and dismisses the Lawsuit *with prejudice*.

3. **Settlement Consideration.** In exchange for the promises set forth in this **Agreement,** Securitas shall pay Abair the gross sum of SEVENTEEN THOUSAND Dollars and 00/100 ($17,000.00) (the "Settlement Proceeds"), as set forth below and as follows:

A. To Abair in the amount of Four Thousand and Nine Hundred Twenty Five dollars and no/100's ($4,925.00), less all legally required withholding taxes and payroll deductions (calculated based on the form W-4 already on file for Abair), as payment for claimed but disputed lost wages, for which Securitas will issue or cause to be issued to Abair an IRS Form W-2. This amount is comprised of claimed back pay damages at a rate of $10.50 per hour, as well as overtime pay, and represents a compromise of disputed issues. Because Mr. Abair has obtained some other income from collateral sources (including unemployment insurance compensation), $4,925.00 is a reasonable allocation to lost wages.

B. To Abair in the amount of Four Thousand and Nine Hundred Twenty Five dollars and no/100's ($4,925.00) as payment for claimed but disputed non-economic damages, from which no withholdings will be made and for which Securitas will issue or cause to be issued to Abair an IRS Form 1099. This amount is comprised of liquidated damages claimed, and also represents a compromise of disputed issues. Because the payment of liquidated damages is mandated by the Fair Labor Standards Act, $4,925.00 is a reasonable allocation to liquidated and other non-economic damages.

The Parties agree that the amount specified herein is for non-economic damages allegedly suffered by Abair. Based on representations by Abair, the Parties agree that this is a fair and reasonable apportionment of this settlement amount. In paying this amount, Securitas makes no representation as to the tax consequences or liability arising from said payment. To this extent, Abair acknowledges and agrees that he shall be solely responsible for and will pay any and all taxes that may be determined to be owed by Abair in connection with this payment and any other payments provided for within this Agreement; and

C. To Cohan Law Group, LLC (Tax ID No. 45-2418030) in the amount of Seven Thousand One Hundred Fifty dollars and no/100's ($7,150.00). This amount represents payment of all attorneys' fees, costs and expenses incurred by Abair's Counsel in this matter. Securitas will issue an IRS form 1099 to Cohan Law Group for this payment.

D. Securitas shall provide the consideration identified in this paragraph 3(a), 3(b), and 3(c) after the Effective Date of the agreement, and also fifteen business days after receiving all of the following items: (1) a facsimile or scanned copy via email of this Agreement appropriately signed and dated by Abair; (2) an Order from the Court approving the settlement between the Parties and dismissing, *with prejudice,* all claims against Securitas in

the matter of <u>Bruce Abair v. Securitas Security Services USA, Inc.</u>, case number 1:12-cv-00604-JOF (the "Lawsuit").

4. **No Re-Employment.** Abair acknowledges that his employment with Securitas ended effective January 1, 2012. Abair permanently, unequivocally, and unconditionally waives any and all rights Abair may now have, may have had in the past, or may have in the future to obtain or resume employment with Securitas or to do business for or with Securitas through a third party. Abair agrees never to apply for employment with Securitas. In the event that Abair is ever mistakenly employed by Securitas, Abair agrees to have his employment terminated with no resulting claim or cause of action against Securitas, its parent, successors, affiliates, and/or subsidiaries. Abair acknowledges and agrees that he has no right to employment or re-employment with Securitas, and Securitas may legally refuse to employ him.

5. **Neutral Employment Reference.** Upon inquiry by any prospective employer of Abair, Securitas will provide only dates of employment, position held, and confirmation of pay rate concerning Abair.

6. **General Release and Waiver of Claims.** Upon receipt of the payments described herein, Abair (for himself, his agents, assigns, heirs, executors, and administrators) releases and discharges Securitas from any claims which were or which could have been asserted in the Lawsuit and any claim, demand, action, or cause of action, known or unknown, which arose at any time from the beginning of time to the date he executes this Agreement, and waives all claims relating to, arising out of, or in any way connected with his employment with Securitas, the cessation of that employment, the compensation or benefits payable in connection with that employment or the cessation of that employment, any property left in the possession of Securitas, and/or any other interaction with Securitas, including (without limitation) any claim, demand, action, or cause of action, including claims for attorneys' fees, based on but not limited to: (a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), <u>et seq.</u>; (b) The Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, <u>et seq.</u>; (c) The Equal Pay Act, as amended, 29 U.S.C. § 206, <u>et seq.</u>; (d) The Lilly Ledbetter Fair Pay Act of 2009; (e) The Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, <u>et seq.</u>; (f) the National Labor Relations Act, 29 U.S.C. § 151, <u>et seq.</u>; (g) The Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 <u>et seq.</u>; (h) The Fair Credit Reporting Act, as amended, 15 U.S.C. § 1681 <u>et seq.</u>; (i) The Civil Rights Act of 1866, 42 U.S.C. § 1981 <u>et seq.</u>; (j) The Age Discrimination in Employment Act, 29 U.S.C. § 621, <u>et seq.</u> (the "ADEA"); (k) the Fair Labor Standards Act ("FLSA"); (l) any agreement, representation, promise, understanding, policy, practice, plan, or potential entitlement (regardless of the source); (m) past or future wages, severance, compensation, vacation pay, benefits, bonuses, commissions, fringe benefits, or other forms of consideration, payment, or remuneration, except for claims to enforce payment of those sums explicitly identified in Section 3; (n) any other federal, state, or local law, whether arising or emanating from statute, executive order, regulation, code, common law, or other source, including, but not limited to, all actions sounding in tort, contract, and/or any doctrine of good faith and fair dealing.

Abair further forgoes any and all rights to participate in a class or collective action alleging violations of any of the above laws, including those brought under the FLSA, and Abair further covenants and agrees not to accept, recover or receive any back pay, front pay, liquidated

damages, other damages or any form of relief based upon any claims that have been asserted, could have been unasserted or settled in this lawsuit that may arise out of, or in connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against Securitas. Finally, the above release excludes any other claim which cannot be released by private agreement.

This agreement shall not apply to rights or claims that may arise after the Effective Date of this agreement; nor shall any provision of this agreement be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

7. **General Release and Waiver of Claims.** Securitas does hereby fully and finally release acquit, waive and discharge Abair, and his heirs executors, administrators, successors and assigns from any and all suits, claims, demands, causes of action, and liabilities of any kind or nature whatsoever, known or unknown, express or implied, at law or in equity, from the beginning of the world to the date of this Agreement.

8. **Covenant Not to Sue.** The Parties agree that they will never sue or file a lawsuit against the other concerning or in any way related to Abair's employment with Securitas, or any other interaction or relationship between the Parties which may have occurred prior to the Effective Date of this Agreement. This Section and this Agreement shall not operate to waive or bar any right or claim which -- by express and unequivocal terms of law -- may not under any circumstances be waived or barred. Moreover, this Agreement shall not operate to waive rights or claims if those rights or claims arise after the Effective Date of this Agreement.

9. **Company and Personal Property.** Abair affirms that, by the time he/she executes this Agreement, he/she has returned all equipment, documents, memoranda, records, files, notes, diskettes, credit cards, keys, computers, and any other matter or materials (from whatever source, including information electronically stored) that is the property of, or that was purchased or provided by, Securitas, including any copies of the foregoing.

10. **Disclaimer of Liability.** This Agreement is not to be construed as an admission of liability or wrongdoing by any party. All Parties also agree that this Agreement does not render any party a prevailing party in the Lawsuit or any other legal action.

11. **Confidentiality and Non-Disparagement.** Abair and Securitas expressly agree to keep all terms and conditions of this Agreement strictly confidential and that they will never disclose any information concerning the Agreement to anyone other than their respective spouses, legal counsel, or tax advisors, *provided that* they shall inform any such specified person that they are bound by this confidentiality covenant and, prior to any disclosure, require that such person agree to abide by the terms of this covenant and not disclose any information concerning the Agreement. Nothing herein shall preclude legally required disclosure. If asked, the Parties may only state that "the litigation has been resolved, and that the terms are confidential."

If either Party is compelled by court order or process to disclose any terms of this Agreement, they shall immediately notify the other Party. In the future, Abair shall not disparage Securitas and Securitas shall not disparage Abair.

Notwithstanding anything above to the contrary, a breach by one Party shall relieve the other Party of its obligations pursuant to this Confidentiality and Non-Disparagement provision. The Parties agree that the terms of this paragraph are a material inducement for the execution of this Agreement, and any disclosure or disparagement, other than as described above, will be regarded as a breach of this Agreement and a cause of action shall immediately accrue for damages.

12. **Successors.** This Agreement shall apply to, and inure to the benefit of, the predecessors, successors, and assigns of Securitas and each past, present, or future employee, agent, representative, officer, or director of Securitas and any division, subsidiary, parent, or affiliated entity.

13. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this Agreement, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this Agreement.

14. **Severability.** The Parties acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. In the unlikely event, therefore, that a court of competent jurisdiction determines that any of the terms, provisions, or covenants of the Agreement are unreasonable, the court shall limit the application of any such term, provision or covenant, or modify such term, provision or covenant and proceed to enforce those terms as so limited or modified.

15. **Time Is Of The Essence.** Time is of the essence as to every provision of this Agreement.

16. **Applicable Law.** This Agreement shall be interpreted, enforced, and governed under the laws of the State of Georgia.

17. **Non-waiver.** The waiver by any Party or Parties of a breach of any provision of this Agreement by any other Party or Parties shall not operate or be construed as a waiver by the non-breaching Party or Parties of any subsequent breach by the breaching Party or Parties.

18. **Counterparts and Right.** This Agreement may be signed in counterparts, which together shall constitute one agreement. If this Agreement is signed in counterparts, no signatory hereto shall be bound until all Parties named below have duly executed, or caused to be duly executed, a counterpart of this Agreement. Copies, facsimiles and emails containing an executed copy of the Agreement shall be equivalent to originals with respect to this Agreement.

19. **Knowledge and Understanding.** The Parties declare and agree that:

    (a)    They have been advised to consult with an attorney prior to executing this Agreement;

(b) Abair, being 40 years of age or older, is advised of and acknowledges that he has been given a period of twenty-one (21) calendar days within which to consider this Agreement;

(c) Abair agrees that any modifications, material or otherwise, made to this Agreement do not restart or affect in any manner the original twenty-one (21) calendar day consideration period.

(d) They have availed themselves of all opportunities they deem necessary to make a voluntary, knowing, and fully informed decision with respect to this settlement and this Agreement;

(e) They have signed this Agreement free of duress or coercion; and

(f) They are fully aware of their rights and have carefully read and fully understand all provisions of this Agreement before voluntarily signing.

(g) By signing this Agreement, Abair waives any claims he has or might have against Securitas under the Age Discrimination in Employment Act ("ADEA") that accrued prior to the date of Abair's execution of the Agreement.

20. **Effective Date.** If Abair consents to and signs this Agreement within twenty-one (21) days of receipt, Abair shall have an additional seven (7) days to revoke it. Abair expressly states that if he executes this Agreement before the expiration of the 21-day period, such execution is knowing, voluntary, and done on the advice of counsel (or with the opportunity to consult with counsel). Any revocation shall be in writing and emailed to the attention of Ben Pope at BPope@littler.com. This Agreement shall not become effective, therefore, and none of the benefits set forth in this Agreement shall become effective until the 8th day after Abair executes this Agreement without revocation being exercised (the "Effective Date").

21. **Complete Agreement.** This Agreement sets forth the complete agreement between the Parties.

**BY SIGNING THIS AGREEMENT, THE PARTIES STATE THAT: THEY HAVE READ IT; THEY UNDERSTAND IT AND KNOW THAT THEY ARE GIVING UP IMPORTANT RIGHTS; THEY AGREE TO ALL THE TERMS CONTAINED HEREIN; THEY ARE AWARE OF THEIR RIGHT TO CONSULT WITH AN ATTORNEY; AND THEY HAVE SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.**

[Signatures on Following Page]

| Bruce Abair | Securitas Security Services USA, Inc. |
|---|---|
| By: *Bruce Abair* <br> Bruce Abair <br><br> Dated: 6·1·12 | By: _____ <br> Title: Staff Attorney / Employment Law <br> Dated: June 18, 2012 |

Firmwide:112005448.3 056919.1048